UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

       - v -                    :     INDICTMENT

ANTON SPAQI,

                Defendant.

- - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED: JUN 0 1 2005**

: 05 Cr.

**05 CRIM. 592**

**COUNT ONE**

(Conspiracy To Commit Alien Smuggling)

The Grand Jury charges:

1.    From in or about at least January 2000, up through and including in or about May 2005, in the Southern District of New York and elsewhere, ANTON SPAQI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1324(a)(2)(B)(ii) of Title 8, United States Code.

2.    It was a part and an object of the conspiracy that ANTON SPAQI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and in reckless disregard of the fact that an alien had not received prior official authorization to come to, enter, and reside in the United States, would and did bring to and attempt to bring to the United States, for the purpose of commercial advantage and private financial gain, an alien, in violation of Section 1324(a)(2)(B)(ii) of Title 8,

United States Code.

## OVERT ACTS

3.    In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about May 2003, in the Bronx, New York, the relative of an alien ("Alien-1") paid ANTON SPAQI, the defendant, approximately $6,000 as a fee to smuggle Alien-1 into the United States illegally.

b.    In or about October 2003, in Kosovo, another alien ("Alien-2") met with ANTON SPAQI, the defendant, and two co-conspirators not named as defendants herein ("CC-1" and "CC-2") and discussed arrangements whereby SPAQI would smuggle illegally Alien-2 into the United States.

c.    In or about early 2003, another co-conspirator not named as a defendant herein ("CC-3") met a group of aliens, who were eventually smuggled illegally into the United States, at a hotel in Bulgaria and provided them with fraudulent passports.

d.    In or about May 2003, ANTON SPAQI, the defendant, and another co-conspirator not named as a defendant herein ("CC-4"), met with a group of aliens in Bulgaria and discussed the route they would use to smuggle the aliens into the United States and demanded payment of the smuggling fee from one of the aliens.

e.   In or about December 2003, CC-1 brought fraudulent passports and money to a group of aliens in Quito, Ecuador, who were eventually smuggled illegally into the United States.

f.   In or about the Spring of 2004, a friend of an alien ("Alien-3") paid approximately $6,500 to ANTON SPAQI, the defendant, in the Bronx, New York, as a fee for smuggling Alien-3 into the United States illegally.

g.   On or about June 1, 2004, CC-1 sent approximately 2,160 Euros via Western Union from Pristina, Kosovo, to an alien in Mexico City, Mexico.

h.   On or about June 1, 2004, CC-2 sent approximately 2,160 Euros via Western Union from Pristina, Kosovo, to an alien in Mexico City, Mexico, who later attempted to enter the United States illegally at the Texas/Mexico border.

i.   On or about August 19, 2004, CC-1 sent approximately 1,200 Euros via Western Union from Pristina, Kosovo, to an alien in Mexico City, Mexico, who later attempted to enter the United States illegally at the Texas/Mexico border.

j.   On or about February 26, 2005, CC-2 sent approximately 1,620 Euros via Western Union from Gjakove, Kosovo, to an alien in Mexico City, Mexico, who later attempted to enter the United States illegally at the Texas/Mexico border.

(Title 18, United States Code, Section 371.)

3

## COUNT TWO

(Alien Smuggling)

The Grand Jury further charges:

4.    In or about May 2003, in the Southern District of
New York and elsewhere, ANTON SPAQI, the defendant, and others
known and unknown, unlawfully, willfully, and knowingly, and in
reckless disregard of the fact that an alien had not received
prior official authorization to come to, enter, and reside in the
United States, did bring to and attempt to bring to the United
States, for the purpose of commercial advantage and private
financial gain, such alien, to wit, a group of aliens who
attempted to enter the United States illegally at the
Texas/Mexico border.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii) and
        Title 18, United States Code, Section 2.)

## COUNT THREE

(Alien Smuggling)

The Grand Jury further charges:

5.    In or about June 2003, in the Southern District of
New York and elsewhere, ANTON SPAQI, the defendant, and others
known and unknown, unlawfully, willfully, and knowingly, and in
reckless disregard of the fact that an alien had not received
prior official authorization to come to, enter, and reside in the
United States, did bring to and attempt to bring to the United
States, for the purpose of commercial advantage and private

4

financial gain, such alien, to wit, a group of aliens who
attempted to enter the United States illegally at the
Texas/Mexico border.

    (Title 8, United States Code, Section 1324(a)(2)(B)(ii) and
        Title 18, United States Code, Section 2.)

### COUNT FOUR

(Alien Smuggling)

    The Grand Jury further charges:

    6.   In or about January 2004 and February 2004, in the
Southern District of New York and elsewhere, ANTON SPAQI, the
defendant, and others known and unknown, unlawfully, willfully,
and knowingly, and in reckless disregard of the fact that an
alien had not received prior official authorization to come to,
enter, and reside in the United States, did bring to and attempt
to bring to the United States, for the purpose of commercial
advantage and private financial gain, such alien, to wit, a group
of aliens who attempted to enter the United States illegally at
the Texas/Mexico border.

    (Title 8, United States Code, Section 1324(a)(2)(B)(ii) and
        Title 18, United States Code, Section 2.)

### COUNT FIVE

(Alien Smuggling)

    The Grand Jury further charges:

    7.   In or about March 2004, in the Southern District
of New York and elsewhere, ANTON SPAQI, the defendant, and others

5

known and unknown, unlawfully, willfully, and knowingly, and in
reckless disregard of the fact that an alien had not received
prior official authorization to come to, enter, and reside in the
United States, did bring to and attempt to bring to the United
States, for the purpose of commercial advantage and private
financial gain, such alien, to wit, a group of aliens who
attempted to enter the United States illegally at the
Texas/Mexico border.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii) and
        Title 18, United States Code, Section 2.)


FOREPERSON


DAVID N. KELLEY
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA,

- v. -

### ANTON SPAQI,
### Defendant.

### INDICTMENT

05 Cr.

(Title 18 United States Code, Sections 371 and 2, Title 8,
United States Code, Section  and 1324(a)(2)(B)(ii).)

DAVID N. KELLEY
United States Attorney.

**A TRUE BILL**

_Betsy Bradley_
Foreperson

6/1/05 Filed Indictment. Case assigned
to Judge Hellerstein.
s/Mag. Judge Katz