UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA,        :

                            Plaintiff,        :        **SUMMARY ORDER**

                -- against --                :        05 Cr. 592 (AKH)

ANTON SPAQI                              :
                                Defendant.        :
------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         The parties appeared for oral argument on October 24, 2005 on the motion by the defendant for certain pre-trial motions. For the reasons stated on the record and briefly recited below, I grant in part and deny in part the defendant's motions.

         The defendant's motion to dismiss the four substantive counts of the indictment as multiplicitous is denied. I find that the evidence is sufficient to support separate counts and that the separation of the conspiracy charge from the substantive counts of the indictment is proper.

         The defendant's motion to dismiss the entire indictment based on lack of venue is denied. On a pre-trial motion to dismiss, the government burden is limited to showing that the indictment on its face alleges facts sufficient to support venue. United States v. Szur, No. S5 97 Cr. 108 (JGK), 1998 WL 132942 *9 (S.D.N.Y. 1998). I find that the indictment on its face is sufficient and that the government has satisfied its burden of proof at this stage.

         The defendant's motion for a pre-trial hearing to determine whether the photographic array utilized by the government was unduly suggestive is denied. I find

that a pre-trial hearing is unwarranted and that the defendant may raise any objections to the reliability of the array at trial. Prior to trial, however, the government will provide the defendant with a color copy of the array.

The defendant's request for a bill of particulars is granted to the extent that the government shall identify the aliens involved in the substantive counts, the dates of the alleged smuggling, and the alleged co-conspirators who participated in the overt acts named in the indictment, to the extent that the information is reasonably known to the government. The motion is otherwise denied, but subject to additional, usual disclosures at the time of the final pre-trial conference.

Time is excluded until the next status conference on December 6, 2005 at 4:00 by which time the government must disclose all information stated above and provide the defendant with any relevant Pimentel disclosures.

SO ORDERED.

Dated: New York, New York
October 2*, 2005

_____
ALVIN K. HELLERSTEIN
United States District Judge